## RESTEIN v. COMMISSIONER OF INTERNAL REVENUE.
### No. 5944.

Circuit Court of Appeals, Third Circuit.
April 15, 1936.

S. Lloyd Moore, and Moore, Gossling & Panfil, all of Philadelphia, Pa., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Harry Marselli, Sp. Assts. to Atty. Gen., for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals. The petitioner is a beneficiary under a trust created by her husband's will. The appraised valuation of her life estate was $1,026,219.40. The will provided that all inheritance taxes be paid from the residuary estate. In 1931 the petitioner received $51,109 as income from her life estate. In the same year the executors and trustees paid Pennsylvania state inheritance taxes out of funds of the residuary estate in the sum of $30,536.70, of which $20,524.38 represented the amount of tax due on the appraised valuation of the petitioner's life estate. The petitioner claimed the right to deduct this sum of $20,524.38 from her gross income for 1931. The petitioner's contention is that the provision in the will under which she was relieved of the payment of ·state inheritance taxes constituted a legacy or bequest to her of the amount of the state inheritance taxes paid by the executors and trustees, and that as a corollary she was entitled under the provisions of the Revenue Act of 1928 (45 Stat. 791) to a deduction from her income of the amount of such so-called legacy. While, under the provisions of the will, the petitioner was relieved of payment of state inheritance taxes, it is undisputed that no tax was assessed by the Commissioner on the $20,524.38 paid to the Commonwealth of Pennsylvania. The tax assessed was upon $51,109 actually distributed to her as income from the residuary estate. In accordance with the provisions of the will, the state inheritance tax was not paid out of this income. The petitioner received the income undiminished by any tax payment. The opinion of the Board of Tax Appeals clearly and fully sets out the facts and the legal con-

clusions deducible therefrom. We are in entire accord with the reasoning of the Board and find its conclusions amply supported by the facts and the law.

The decision of the Board of Tax Appeals is accordingly affirmed.